IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| VINCENT LAMONT BRANCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 325-003 |
| ) | |
| TELFAIR COUNTY; SHERIFF ) | |
| DAVIDSON; LT. TERRY MOON; SGT. ) | |
| SPIRES; SGT. PACE; SGT. ZANDERS; ) | |
| DR. DERRICK COLLINS; NURSE REED; ) | |
| NURSE LORI; GENESIS HEALTH; ) | |
| C.O. BUTLER; C.O. SHEILA FLINT; ) | |
| and C.O. MALCOM WHITLEY, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On January 16, 2025, the Court directed Plaintiff to submit a new, current and fully completed motion to proceed IFP, or the $405.00 filing fee, within fourteen days, because the IFP motion submitted was stale by over five months, and thus, the Court did not have sufficient information to determine whether Plaintiff should be allowed to proceed IFP. (See doc. no. 3, pp. 1-2.) Because of pleadings deficiencies in the original complaint which was also dated over five months prior to filing, the Court also directed Plaintiff to submit an amended complaint within fourteen days to cure those deficiencies and provided instructions for amending. (See id. at 2-4.) The Court cautioned Plaintiff that failing to submit a timely amended complaint, in addition to a new IFP motion or full filing fee, would result in a

presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action.  (Id. at 5.)

On February 6, 2025, Plaintiff sought and received an extension of time through and including February 21, 2025, to comply with the Court's January 16th Order.  (Doc. nos. 4, 5.)  The extended time period to respond has passed, but Plaintiff has only filed an amended complaint, (doc. no. 6); he has not submitted a new IFP motion or the full filing fee.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file a new IFP motion or pay the filing fee, or even to provide an explanation for his failure to comply with the Court's prior order after receiving an extension of time to do so, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that failing to submit a new IFP motion or full filing fee, in addition to the required amended complaint, would result in a recommendation for dismissal. (Doc. no. 3, p. 5.) Indeed, according to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP. Plaintiff has not satisfied the requirement by paying the filing fee or presenting an IFP motion with current information. Furthermore, because Plaintiff originally requested permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted both a new IFP motion or full filing fee and an amended complaint, as required by the Court's prior order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of February, 2025, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA